UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

Petitioner,

v.    6:09-cr-68

BRIAN YALE STEPTOE,

Respondent.

## ORDER

Before the Court is Defendant Brian Yale Steptoe's Motion Pursuant to Rule 60(b), in which he also requests a resentencing hearing. ECF No. 259.

## I. BACKGROUND

On May 11 2010, Steptoe pleaded guilty to bank fraud. ECF Nos. 80, 151. The Court sentenced him to fifty-four months imprisonment. ECF Nos. 147, 150. Consistent with the appeal waiver contained in his pleas agreement, Steptoe did not appeal.

In June 2012, Steptoe filed a 28 U.S.C. § 2255 motion, which this Court dismissed as untimely. ECF Nos. 224, 232, 233. Steptoe then filed a notice of appeal, ECF No. 235, and this Court denied his motion for certificate of appealability. ECF No. 236, 237. Steptoe's renewed motion for certificate of appealability is pending before the Eleventh Circuit Court of Appeals. *Steptoe v. United States*, Case No. 12-13765. On October 24, 2012, Steptoe filed, in his criminal case, his current motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), contending that he is due resentencing because his codefendant, John R. Thompson, succeeded on appeal in challenging the Sentencing Guidelines loss amount attributed to Thompson during Thompson's sentencing. ECF. No. 259 at 1.

## II. ANALYSIS

A motion under Rule 60 of the Federal Rules of Civil Procedure is the improper procedural vehicle to challenge Steptoe's sentence in his criminal case. *See United States v. Whisby*, 323 Fed. App'x 781, 782 (11th Cir. 2009); *United States v. Zuluaga*, 192 Fed. App'x 944, 945 (11th Cir. 2006); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). "Federal courts are obligated[, however] to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n. 2 (11th Cir. 2003). The Court, therefore, liberally construes Steptoe's motion as a § 2255 motion. Steptoe previously filed a § 2255 motion that this court dismissed as untimely. ECF Nos. 224, 232, 233. As such, Steptoe's present motion is an unauthorized second or successive § 2255 motion. *See United States v. Terrell*, 141 Fed. App'x 849, 851-52 (11th Cir. 2005) (finding second habeas petition to be successive where there was no pending § 2255 motion in the district court).

Even assuming Steptoe's motion was authorized procedurally, it is meritless substantively. After his codefendant, Thompson, succeeded on appeal in having his sentence vacated and remanded for resentencing because the court "calculated [Thompson's] total loss amount . . . without

proper factual bases," *United States v. Thompson*, 463 Fed. App'x 887, 891 (11th Cir. 2012), this Court, at the resentencing hearing, found that the evidence supported the same loss amount. Therefore, Steptoe could gain no possible benefit from his codefendant's resentencing.

### III. CONCLUSION

Accordingly, Steptoe's motion, ECF No. 259, is ***DISMISSED***.

This _6_ day of November 2012

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA