UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | 6:09-cr-68-2 |
| NATASHA W. STEPTOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Natasha Steptoe's Motion To Change Method By Which Balance of Sentence Is Served. ECF No. 298. Steptoe seeks to serve the remainder of her eighteen month term of incarceration—handed down after Steptoe violated the terms of her supervised release—in a halfway house or on home confinement. *Id.* at 1. Because Steptoe has filed the wrong motion in the wrong district, her motion is **DENIED**.

District courts are allowed to modify terms of imprisonment only under limited circumstances. *See* 18 U.S.C. § 3582(c). This case presents none of those circumstances. Instead, the United States Bureau of Prisons ("BOP") now has the responsibility for administering Steptoe's sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)).

Steptoe, likely without intending to, seemingly agrees that the BOP controls the execution of her sentence. Citing to the Family Unity Demonstration Project, Steptoe acknowledges that Congress "charged the [BOP] with" administering the project. ECF No. 298 at 2. Steptoe contends, however, that this Court is empowered to effectuate the project because the BOP has refused to do so. *Id.*

Steptoe's argument fails. She presents no evidence—only a bald assertion—to support her claim that the BOP has failed to effectuate the Family Unity Demonstration Project. So, the BOP remains the entity in charge of Steptoe's sentence.

That being the case, the proper, and exclusive, remedy for a challenge to the BOP's execution of a sentence is a petition for habeas corpus under 28 U.S.C. § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) (noting that federal prisoners may only raise claims under § 2241 when the claims concern execution of a sentence). But § 2241 petitions must be filed in the district of a prisoner's confinement, which for Steptoe is not in the Southern District of Georgia. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004).

Even if this Court, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), liberally construed this motion as a § 2241 petition and then ignored the impropriety of venue in this district, denial would remain the proper outcome because habeas petitioners must exhaust administrative remedies. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). The exhaustion requirement, moreover, is jurisdictional. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992). Because Steptoe makes no showing that she utilized, much less exhausted, the BOP's administrative remedies, this Court simply cannot grant relief.

Once again, Steptoe filed the wrong motion, in the wrong district, and failed to exhaust administrative remedies. The Court accordingly **DENIES** her motion.

The 8 day of July, 2013

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA